UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

RENEE L. McCRAY,

    Plaintiff,

v.

SAMUEL I. WHITE, P.C.,
SARA K. TURNER,
JOHN E. DRISCOLL, III,
ARNOLD HILLMAN,
ROBERT H. HILLMAN and
DEENA L. REYNOLDS,

    Defendants.

Civil Action No. TDC-18-3491

## MEMORANDUM OPINION

Plaintiff Renee L. McCray, who is self-represented, has filed suit against Defendants Samuel I. White, P.C. ("Samuel White"), a law firm; and Sara K. Turner, John E. Driscoll, III, Arnold Hillman, Robert H. Hillman, and Deena L. Reynolds, all of whom are employed by Samuel White (collectively, "Defendants"). McCray asserts that, as part of efforts to foreclose on her home, Defendants violated certain provisions the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p (2018). Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which McCray opposes. Having reviewed the submitted materials, the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion, treated as a Motion to Dismiss, will be GRANTED.

### BACKGROUND

In 2005, McCray took out a mortgage loan for 109 North Edgewood Street in Baltimore, Maryland ("the Property"). At some point, McCray defaulted on the mortgage, and in February

2013, Samuel White initiated foreclosure proceedings in the Circuit Court for Baltimore City, Maryland. *Driscoll, III v. McCray*, No. 24-O-13000-528 (Cir. Ct. Balt. City). Over the ensuing several years, that continuing foreclosure proceeding spawned a number of other lawsuits in which McCray asserted claims based on Defendants' allegedly unlawful collection efforts related to the foreclosure. *See, e.g., McCray v. Fed. Home Loan Mortgage Corp.*, No. GLR-13-1518 (D. Md.); *McCray v. Wells Fargo*, No. GLR-14-3445 (D. Md.); *McCray v. Samuel I. White*, No. GLR-16-0934 (D. Md.).

In the present suit, McCray makes various allegations, stretching back to 2012, about Defendants' conduct prior to and during the foreclosure action. Although McCray recites at length the history of the foreclosure action, her present claims focus on 2017 communications from Defendants related to the foreclosure, which McCray has attached to the Complaint. Specifically, McCray asserts that on April 21, 2017, she received a letter from Defendants that included a copy of a newspaper advertisement notifying the public of the foreclosure sale of the Property scheduled for May 17, 2017. The mailing included a letter from Samuel White stating that it was providing McCray with a copy of the advertisement pursuant to foreclosure notice requirements set forth in Maryland law. At the bottom of the letter was a section entitled "NOTICE," which stated that, pursuant to the FDCPA, Samuel White was advising McCray that it was a debt collector attempting to collect a debt.

In response, on May 12, 2017, McCray sent a letter to Defendants stating that she wished them to cease all communication with her pursuant to 15 U.S.C. § 1692c(c), which provides that upon notice from a consumer to cease further communication, a debt collector shall not communicate with the consumer about the debt except in certain specific circumstances. After receiving McCray's letter, Defendants sent McCray three other communications—on July 24,

2017; August 22, 2017; and October 17, 2017—each of which was the same in substance as the April 2017 letter and foreclosure notice and notified McCray of specific rescheduled dates for the foreclosure sale.

On November 15, 2017, the Property was sold at a foreclosure sale. On December 11, 2017, a Notice of Report of Sale was docketed with the state court. The state court issued an Order ratifying the sale, which became final on November 26, 2019. McCray has since filed an appeal of that Order to the Maryland Court of Special Appeals, where it remains pending.

On November 13, 2018, McCray filed this action, asserting three FDCPA claims based on the 2017 foreclosure notices. First, she asserts a claim for a violation of 15 U.S.C. § 1692c(c), on the theory that Defendants were required, but failed, to cease communications with her after they received her May 12, 2017 letter. Second, she asserts a claim for a violation of § 1692e(5), which makes it unlawful for a debt collector to make a false or misleading representation in the collection of a debt by threatening to "take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). McCray asserts that the 2017 foreclosure notices violated this section because Defendants could not prove that they had a legal right to foreclose on the Property and thus could not lawfully threaten to foreclose. Third, she asserts a claim for a violation of § 1692f(6), which makes it unlawful for a debt collector to take or threaten to take "any non-judicial action to effect dispossession" of property if the debt collector has "no present right of possession to the property." 15 U.S.C. § 1692f(6)(A). As to this cause of action, McCray adopts the argument advanced for her § 1692e claim.

## DISCUSSION

Defendants assert a number of arguments for dismissal, including that McCray lacks standing to pursue her FDCPA claims because her mortgage debt was discharged in bankruptcy

and thus she no longer has any personal obligation for the mortgage debt; that based on the United States Supreme Court's recent holding in *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019), they are not debt collectors within the meaning of the FDCPA; that McCray's claims are barred by *res judicata* or collateral estoppel; and that McCray fails to state a claim as to her three causes of action.

**I.    Legal Standard**

Defendants' Motion is styled as a motion to dismiss, under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment, under Rule 56. Typically, when deciding a motion to dismiss under Rule 12(b)(6), the Court considers only the complaint and any documents "integral to the complaint." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). Here, McCray has attached as part of her Complaint the correspondence that she alleges was sent in violation of the FDCPA. Defendants, in turn, attach to their Motion docket sheets and court opinions, of which the Court may take judicial notice. Fed. R. Evid. 201(b)(2). Where the Complaint and other court records provide a sufficient record for this Court to adjudicate Defendants' Motion, the Court sees no need to convert the Motion to one for summary judgment and will thus treat the filing as a Motion to Dismiss.

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678. The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the

factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II. Standing

Defendants assert that because McCray discharged her mortgage loan in bankruptcy, she "had no personal obligation to the loan," so "there could be no debt collection of the loan against her so as a matter of law the claim must fail." Mot. Dismiss at 18, ECF No. 25-2. Defendants' standing argument fails. McCray proceeds under the FDCPA, which is designed to curb abusive debt collection practices. *See* 15 U.S.C. § 1692 (providing Congressional findings and a declaration of purpose for the FDCPA). Thus, even if McCray is no longer personally liable for her mortgage debt, this fact alone does not preclude her being subjected to, and then injured by, abusive debt collection practices. Where in its 2017 letters to McCray, Samuel White, citing to the FDCPA, acknowledged that it was attempting to collect a debt, the Court finds no merit in Defendants' assertion that these avowed debt collection efforts were, because of the discharge of the debt in bankruptcy, somehow inapplicable to McCray such that she lacks standing to pursue an FDCPA claim.

## III. Debt Collector

The FDCPA regulates only the activities of "debt collector[s]." 15 U.S.C. §§ 1692b–1692g, 1692k(a). As the Supreme Court recently observed, the Act contains both a "primary definition" and a "limited-purpose definition" of the term "debt collector." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1035–36 (2019). The primary definition provides that the term "means any person ... in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The limited-purpose definition states: "For

the purpose of section 1692f(6) of this title, [the] term [debt collector] also includes any person ... in any business the principal purpose of which is the enforcement of security interests." *Id.*

In *Obduskey*, the Supreme Court considered the interplay of these definitions to determine whether a law firm carrying out a nonjudicial foreclosure was a "debt collector" subject to the FDCPA. 139 S. Ct. at 1033–36. It found that the "limited-purpose definition narrows the primary definition, so that the debt-collector-related prohibitions of the FDCPA (with the exception of § 1692f(6)) do *not* apply to those who ... are engaged in no more than security-interest enforcement." *Id.* at 1037. The Court then concluded that the defendant law firm, which had initiated a nonjudicial foreclosure in the manner required by state law, was covered by the FDCPA's limited-purpose definition and thus was subject only to § 1692f(6) of the FDCPA. *Id.* at 1037–39.

Here, Defendants assert that, because Samuel White is a law firm carrying out a nonjudicial foreclosure, all of McCray's claims fail under *Obduskey*. Defendants overreach. McCray correctly asserts that *Obduskey* expressly does not exempt such entities from the requirements of § 1692f. Thus, her § 1692f claim may proceed. However, to the extent that Samuel White was a law firm engaged in security-interest enforcement by carrying out a nonjudicial foreclosure, under *Obduskey*, McCray's § 1692(c) and 1692(e) claims would fail as a matter of law. *See Obduskey*, 139 S. Ct. at 1038.

Although McCray does not contest Defendants' premise that Samuel White was enforcing a security interest, there is reason to be cautious about the applicability of *Obduskey* to the facts here. In *Obduskey*, the Supreme Court explicitly limited its decision to exempt individuals or entities engaged in nonjudicial foreclosures from the FDCPA, reserving the question "whether those who judicially enforce mortgages fall within the scope of the primary definition ... for

another day." *Obduskey*, 139 S. Ct. at 1039. The Court of Appeals of Maryland, meanwhile, has noted that any simple characterization of Maryland's foreclosure statute as a nonjudicial one is "slightly inaccurate," and that the statute "does not fall squarely within [the] concept of nonjudicial foreclosure." *Anderson v. Burson*, 35 A.3d 452, 460 n.14 (Md. 2011). Because it is uncertain whether *Obduskey* resolves McCray's § 1692(c) and § 1692(e) claims, the Court evaluates Defendants' other arguments for dismissal as to all three of McCray's claims.

### IV. Collateral Estoppel

Defendants argue that McCray's FDCPA claims are barred by the doctrines of *res judicata* and collateral estoppel. *Res judicata* mandates that "once a matter—whether a claim, an issue, or a fact—has been determined by a court as the basis for a judgment, a party against whom the claim, issue, or fact was resolved cannot relitigate the matter." *In Re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 325 (4th Cir. 2004). Collateral estoppel, also known as issue preclusion, is a subset of *res judicata*. *Id.* at 326. In particular, collateral estoppel provides that a party may not relitigate an issue previously resolved in litigation if the following requirements are satisfied: (1) the issue in the pending litigation is the same as the one previously litigated, (2) the issue was actually resolved in the prior litigation, (3) the issue resolved was necessary to the judgment in the prior proceeding, (4) the judgment in the prior proceeding is final and valid, and (5) the party to be estopped had a full and fair opportunity to litigate the issue in the prior proceeding. *Id.* Collateral estoppel bars relitigation of a previously decided issue "even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

Here, all the elements of collateral estoppel are satisfied as to McCray's § 1692e and § 1692f claims. Whether Defendants had a right to foreclose on the Property is the crux of McCray's theory of liability on those claims, as they are premised on the allegation that Defendants had no

right to enforce the mortgage, and that issue was, by definition, the central one in the state foreclosure proceedings. The state court has now resolved that question in Defendants' favor, issuing an order ratifying the sale that became final on November 26, 2019, after more than six years of litigation. *See Jacobsen v. Barrick*, 250 A.2d 646, 648 (Md. 1969) ("[T]he law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is *res judicata* as to the validity of such sale, except in case of fraud or illegality, and hence its regularity cannot be attacked in collateral proceedings."); *Scott v. Bierman*, 429 F. App'x 225, 230 (4th Cir. 2011) (stating that under Maryland law, an order of ratification "provide[s] a final resolution of all matters relating to the foreclosure sale"). To the extent that McCray asserts that there were irregularities in the foreclosure proceeding, that is a matter for her to raise in the state courts, not through a collateral proceeding under the FDCPA. *See Kline v. Chase Manhattan Bank, N.A.*, 403 A.2d 395, 401 (Md. Ct. Spec. App. 1974) (emphasizing "the clear rule that a ratified foreclosure proceeding may not be collaterally assailed"); *see generally Manigan v. Burson*, 862 A.2d 1037, 1040 (Md. Ct. Spec. App. 2004) (discussing the pre- and post-sale mechanisms available to challenge the validity of a foreclosure). McCray is thus collaterally estopped from relitigating the validity of her foreclosure in this lawsuit. Because her § 1692e and 1692f claims cannot succeed if the foreclosure was valid, those claims cannot proceed as a matter of law. Defendants' Motion to Dismiss will therefore be granted as to McCray's § 1692e and § 1692f claims, which will be dismissed with prejudice. *See U.S. Airline Pilots Ass'n v. Awappa, LLC*, 615 F. 3d 312, 320 (4th Cir. 2010) (stating that when any alteration to a cause of action would be "futile" and have "no impact on the outcome of the motion to dismiss," the district court need not grant leave to amend).

## V. Section 1692c

McCray's § 1692c claim, however, is not based on challenges to the underlying foreclosure proceedings, so it is not barred by collateral estoppel. That claim instead stems from the alleged failure of Defendants to comply with McCray's instruction in her May 2017 letter to cease all communications with her about her mortgage debt. To the extent that this claim is not resolved by the holding in *Obduskey*, it fails for a separate reason. Section 1692c(c) provides that:

> If a consumer notifies a debt collector in writing that . . . the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

15 U.S.C. § 1682c(c).

"Courts can read [the § 1692c(c)] exceptions ... to imply that they authorize the actual invocation of the remedy that the collector 'intends to invoke.'" *Heintz v. Jenkins*, 514 U.S. 292, 296 (1995). Here, Defendants' 2017 letters and attached foreclosure notices sent to McCray fall within the exception in subsection (3): they provided legally required notice to her of Defendants' intent to invoke the remedy of foreclosure and provided her relevant information about proceedings related to that remedy. *See* Md. Rule 14-210(b) (requiring pre-foreclosure sale notice to be sent to, among others, the borrower and record owner of the property via first-class mail); Md. Code Ann., Real Prop. § 7-105.2(b) (listing information required in a foreclosure notice). To allow McCray's §1692c(c) claim to proceed would allow for no distinction between legally

9

required notices of foreclosure proceedings and abusive debt collection practices. *See Heintz*, 514 U.S. at 296 (explaining that "it would be odd if the [FDCPA] empowered a debt-owing consumer to stop the 'communications' inherent in an ordinary lawsuit and thereby cause an ordinary debt-collecting lawsuit to grind to a halt"). McCray's § 1692c(c) claim therefore fails for the alternative reason that the communications she challenges fall within one of the statute's stated exceptions. Defendants' Motion to Dismiss will therefore be granted as to McCray's § 1692c claim, which will be dismissed with prejudice. *U.S. Airline Pilots Ass'n*, 615 F. 3d at 320.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, construed as a Motion to Dismiss, will be GRANTED, and McCray's Complaint will be DISMISSED WITH PREJUDICE. A separate Order shall issue.

Date: December 18, 2019

THEODORE D. CHUANG
United States District Judge